UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>CHIUEH, *et al.*,<br><br>*Defendants.* | Civil Action No. 25-cv-1920 (BRM) (CLW)<br><br>OPINION |

**CATHY L. WALDOR, U.S.M.J.**

**I.     INTRODUCTION**

This matter comes before the Court on Defendants' application for reconsideration, (ECF No. 32), of the Court's July 9, 2025 Order, (ECF No. 26), denying a stay of discovery pending resolution of Defendants' forthcoming motion to dismiss. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Defendants' application without oral argument. Upon careful consideration of the parties' pleadings and the record for this matter, the request for reconsideration is **denied**.

**II.    BACKGROUND**

On March 17, 2025, Plaintiff filed this lawsuit alleging that Defendants engaged in a multi-year fraudulent scheme to operate a mutual fund, including violating legal requirements that are integral to safeguarding investors. (Compl. ¶ 1, ECF No. 1). On June 4, 2025, Defendants filed a motion to dismiss, (ECF No. 14), which the Honorable Brian R. Martinotti, U.S.D.J. administratively terminated because it was filed before requesting a pre-motion conference. On June 18, 2025, Defendants requested that the Court stay discovery pending resolution of their

anticipated motion to dismiss, (ECF No. 23), which Plaintiff opposed. (ECF No. 24). On July 9, 2025, the parties appeared before the undersigned for an initial pretrial conference pursuant to Federal Rule of Civil Procedure 16. During the conference, the Court denied Defendants' request to stay discovery and entered an Order reiterating the same. (ECF No. 26). The Court subsequently entered a Pretrial Scheduling Order setting forth discovery and case management deadlines. (ECF No. 28). The parties appeared for a pre-motion conference before Judge Martinotti on July 15, 2025, after which he ordered Defendants to file their motion to dismiss by August 15, 2025. (ECF No. 31). On July 24, 2025, Defendants requested that this Court reconsider its decision denying a stay of discovery pending the outcome of their forthcoming motion to dismiss. (ECF No. 32). Plaintiff opposes Defendants' application. (ECF No. 35).

Defendants argue that discovery should be stayed for four reasons. First, Defendants submit that the SEC would not be unduly prejudiced by a stay as it "has had years to investigate this matter and interview witnesses and otherwise conduct discovery outside the confines of this litigation." (Def. 7/24/25 Letter at 2, ECF No. 32). Second, Defendants state that denying the stay would create both financial and other hardships, specifically because Defendants "lack the resources and workforce to devote the many hours that will be required to engage in discovery." (*Id.*). Third, Defendants argue that if their forthcoming motion is granted, all scienter-based claims will be dismissed, which would reduce and simplify the issues for discovery and trial. (*Id.* at 3). Last, Defendants argue that because discovery is not complete and no trial date has been set, this weighs in favor of granting a stay. (*Id.*).

Plaintiff opposes the discovery stay for four reasons. First, Plaintiff asserts a stay would "unduly prejudice the SEC's ability to preserve witness testimony for summary judgment and trial due to witnesses' fading memories." (Pl. 6/20/25 Letter Opp. at 2, ECF No. 24). Second, because

2

the anticipated motion to dismiss appears to dismiss only the scienter-based claims, Plaintiff submits that "discovery will go forward regardless of the outcome of the anticipated motion." (*Id.*). Moreover, Plaintiff argues that Defendants stating discovery would be costly is "insufficient" to establish good cause, as discovery expenses exist in nearly every civil case. (*Id.*). Third, Plaintiff asserts that Defendants "do not demonstrate that a stay would simplify the issues of the case," (*Id.* at 3), particularly because the required discovery relating to the SEC's negligence-based or Investment Company Act Claims "overlaps entirely with the discovery on the counts Defendants wish to move to dismiss." (Pl. 7/30/25 Letter Opp. at 2-3, ECF No. 35). Fourth, Plaintiff argues that although the case is at an early stage and no trial date has been set, this fact is "not a persuasive relevant factor to the Court's decision" because it is "almost always the case that a trial date is not set before a motion to dismiss is decided." (Pl. 6/24/25 Letter Opp. at 3, ECF No. 24) (quoting *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019)).

### III.  LEGAL STANDARD

#### A.  Motion for Reconsideration

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-cv-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). Local Civil Rule 7.1(i) requires that the party moving for reconsideration set forth "the matter or controlling decisions which the party believes the Judge has overlooked." Accordingly, there are three grounds for relief on a motion for reconsideration: "'(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Id*. (citing *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *N. River Ins.*

3

*Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere disagreement with the Court's decision does not suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, No. 09-cv-4590 (DRD), 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A party seeking reconsideration thus faces a "high burden." *Id*. at *5. Litigants "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, No. 12-cv-407 (JFC), 2014 WL 7015735, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)). Instead, and "as the language of Rule 7.1(i) implies, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan v. Diocese of Camden*, No. 12-cv-2898 (NLH), 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, No. 12-cv-7598 (SRC), 2013 WL 6145766, at *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

### B. Motion to Stay Discovery

"It is well-established that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Depomed Inc. v. Purdue Pharma L.P.*, No. 13-cv-571 (JAP), 2014 WL 3729349, at *2 (D.N.J. July 25, 2014) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, (1936)); *accord Clinton v. Jones*, 520 U.S. 681, 706, (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "The mere filing of a motion to dismiss does not stay discovery." *Udeen*, 378 F. Supp. 3d at 332. Courts generally weigh a number of factors in determining whether to grant a stay including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to

the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issue and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id.* (citing *Jackson v. Trump Entertainment Resorts, Inc., et al.*, No. 13-cv-1605 (JHR)(JS), 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015)). Courts conducting a stay analysis must also be "mindful that the stay of a civil proceeding constitutes 'an extraordinary remedy'" and that the party seeking a stay bears the burden of establishing its propriety. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445–46 (D.N.J. 2014) (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)).

## IV.　ANALYSIS

The Court is not persuaded that it committed any clear errors of law or fact to substantiate reconsideration of its denial to stay discovery pending a ruling on Defendants' forthcoming motion to dismiss. Defendants have not identified a change in controlling law regarding a stay of discovery while a motion to dismiss is proceeding, uncovered new evidence, or shown that reconsideration is necessary to prevent manifest injustice. *ABS Brokerage*, 2010 WL 3257992, at *6. Rather, Defendants disagree with the Court's decision instructing all parties to proceed with discovery. They submit that the four factors generally considered in determining whether to grant a motion to stay weigh in favor of their position. (*See* Def. 7/24/25 Letter at 2-3, ECF No. 32). Nonetheless, merely filing a motion to dismiss does not stay discovery, *Udeen*, 378 F. Supp. 3d at 332, and "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982); *see also Coyle v. Hornell Brewing Co.*, No. 08-cv-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247

F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).  In considering Defendants' request to stay discovery during the initial conference on July 9, 2025, this Court weighed the relevant factors and concluded that the request should be denied.[1]  Thus, the application at hand appears "to rehash issues and arguments that have been ruled upon." *Kahan*, 2014 WL 7015735, at *32.  Defendants disagree with the Court's analysis, but this opposition alone "does not suffice" to overturn the Court's decision. *ABS Brokerage*, 2010 WL 3257992, at *6.  Accordingly, Defendants' request for reconsideration of this Court's denial to stay discovery until their forthcoming motion to dismiss is decided does not meet the "high burden" necessary to justify reconsideration. *Id.* at *5-6.

### V.     CONCLUSION

For the reasons stated, Defendants' request for reconsideration, (ECF No. 32), is **denied**. The Court takes no position regarding the merits of Defendants' forthcoming motion to dismiss. However, in the interest of justice and judicial efficiency, and for good cause shown, the Court finds that the parties shall proceed with discovery while such motion is pending, pursuant to the Pretrial Scheduling Order dated July 9, 2025.  (ECF No. 28).  An appropriate order follows.

**Dated: August 6, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

cc:  Hon. Brian R. Martinotti, U.S.D.J.

---

[1] Defendants' July 24, 2025 letter states that the undersigned denied their request to hold discovery in abeyance due to her "concern that Judge Martinotti does not entertain stays of discovery pending motions to dismiss." (Def. 7/24/25 Letter at 1, ECF No. 32).  The Court clarifies that it considered additional factors, including good cause and the reasons discussed herein, in denying Defendants' initial request to stay discovery.